UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN BENNETT, | No. 2:15-cv-1036-EFB P |
| Petitioner, | |
| v. | ORDER |
| R. FISHER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent moves to dismiss this action as premature because petitioner's direct appeal of his current conviction is pending in the California Court of Appeal. ECF No. 10. For the reasons stated below, respondent's motion is granted.

This court has authority under Rule 4 of the Rules Governing Section 2254 Cases to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. *See, e.g., O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599,

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. E.D. Cal. Local Rules, Appx. A, at (k).

1

602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default).

Petitioner commenced this action on May 8, 2015. ECF No. 1. He challenges his December 17, 2010 conviction of attempted criminal threats, false imprisonment, and infliction of injury on a cohabitant. *Id.* at 1.[2] He was sentenced to a determinate state prison term of thirteen years and eight months, *id.*, appealed his sentence, and on May 11, 2012, the California Court of Appeal, Third Appellate District, stayed the attempted criminal threats conviction and directed the Tehama County Superior Court to prepare an amended abstract of judgment. *Id.* at 2, 293-301. The judgment was affirmed in all other respects. *Id.* Thereafter, petitioner sought review in the California Supreme Court, which was denied on July 18, 2012. *Id.* at 2. The Tehama County Superior Court subsequently resentenced petitioner. *Id.* at 370. On January 28, 2015, petitioner appealed the resentencing. *Id.* at 8, 16, 370. That appeal is currently pending in the California Court of Appeal. *Id.* at 18 (referencing case number C078348).[3]

It is premature for this court to review petitioner's collateral attack on his conviction before the state court has had the opportunity to adjudicate the claims raised in his direct appeal. *See Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. *Id.* at 49, 53. *Younger* abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

All three of these criteria are satisfied here. First, petitioner has an appeal pending in the California Court of Appeal. Second, California has "an important interest in passing upon and correcting violations of a defendant's rights." *Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003). And third, the California state courts provide an adequate forum in which

---

[2] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

[3] According the California Courts' website, petitioner's appeal remains pending.

petitioner may pursue his claims. *See id.* When the state proceedings have concluded and his conviction becomes final, petitioner may seek federal habeas relief.

In his opposition brief, petitioner claims that *Younger* abstention does not apply because his federal petition does not include the claim he is raising in his direct appeal. ECF No. 14 at 2. The "[a]pparent finality" of a single claim, however, "is not enough." *Drurx v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). Under the *Younger* doctrine, this court must abstain from granting petitioner any relief until his entire case has concluded in state court. *Id.* As petitioner's case remains ongoing, the court cannot enter judgment in petitioner's favor.

Petitioner also requests that this action be stayed rather than dismissed. ECF No. 14 at 5. As respondent notes in his reply, however, a stay would be inappropriate. ECF No. 15. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from "the date the judgment became final on direct review." 28 U.S.C. § 2244(d)(1)(A). Until petitioner's new judgment and sentence is rendered final "by conclusion of direct review or by the expiration of the time for seeking such review," AEDPA's one-year statute of limitations period will not begin to run. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007). Because the statute of limitations period for the filing of a federal habeas petition has not even begun to run, it would be inappropriate to grant a stay and abeyance. *See Henderson v. Martel*, No. CIV S-09-2189-DAD at *6-7 (E.D. Cal. May 26, 2010) (denying petitioner's renewed motion for a stay and abeyance as premature).

For these reasons, IT IS HEREBY ORDERED that respondent's motion to dismiss (ECF No. 10) is granted and the petition is dismissed, without prejudice, as premature. *See* 28 U.S.C. § 2254(a); *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court should dismiss the action). The court declines to issue a certificate of appealability.

Dated: October 27, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3